UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 4-7-14
```

--------------------------------------------------------------x

FRANCISCO PERALTA,

                      Petitioner,

      -against-

UNITED STATES,

                      Respondent.

--------------------------------------------------------------x

13 Civ. 6456 (PKC)
09 Cr. 141 (PKC)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

        Francisco Peralta has filed a petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. At the conclusion of a trial in December 2009, a jury found Peralta guilty of one count of conspiring to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) & 846, and one count of attempting to distribute 500 grams and more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) & 846. (See 09 Cr. 141, Docket # 73; Court Ex. 19.) This Court sentenced Peralta to a below-guidelines sentence of 144 months' incarceration. (09 Cr. 141, Docket # 73.) Peralta challenged his sentence on direct appeal, and the Second Circuit affirmed the sentence imposed by this Court. United States v. Peralta, 502 Fed. Appx. 93 (2d Cir. 2012) (summary order).

        Peralta, proceeding pro se, now contends that the government "committed fraud upon the court" during his December 2009 trial, that there was insufficient evidence to support the jury's finding that he intended to distribute the cocaine in his possession, that the government constructively amended the indictment, that the Court improperly enhanced his sentence and that his counsel performed ineffectively by failing to raise the arguments asserted in the present petition.

For the reasons explained, four of Peralta's proposed grounds for relief are procedurally barred; even if they were not procedurally barred, they would be denied as meritless.  His ineffective assistance claim is also meritless.  The petition is denied in its entirety.

BACKGROUND

The government filed a three-count indictment against Peralta on May 26, 2009. (09 Cr. 141, Docket # 18.)  Count One charged him with conspiring to distribute and possessing with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A) & 846.  Count Two and Count Three charged him with attempting to distribute and possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) & 846.

At the conclusion of a five-day trial, on December 16, 2009, the jury found Peralta guilty as to Count One and Count Three, and not guilty as to Count Two.  As to Count One, the jury found Peralta guilty of distributing at least 500 grams of cocaine, as opposed to the five kilograms or more alleged in the indictment.

On September 16, 2011, the Court sentenced Peralta to 144 months' imprisonment, five years' supervised release and imposed a $200 mandatory special assessment. (09 Cr. 141, Docket # 73.)  Peralta directly appealed his sentence, arguing that this Court "inappropriately double-counted drug amounts" when determining drug quantities for sentencing purposes.  See Peralta, 502 Fed. Appx. at 93-94.  The Second Circuit affirmed, concluding that the Court did not double-count drug quantities and appropriately treated separate transactions as distinct from one another.  Id. at 94.  Peralta was represented by counsel on appeal.

DISCUSSION.

I.      Four of Peralta's Five Grounds for Relief Are Procedurally Barred.

Because four of Peralta's proposed grounds for relief could have been raised in his direct appeal, they are procedurally barred.  "A § 2255 petition may not be used as a substitute for direct appeal." Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993).  A petitioner may not raise new grounds for relief in a section 2255 proceeding that previously could have been raised in a direct appeal, unless he "show[s] cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." Id.; see also Yick Man Mui v. United States, 614 F.3d 50, 54 (2d Cir. 2010) ("A second rule that applies in the Section 2255 context prevents claims that could have been brought on direct appeal from being raised on collateral review absent cause and prejudice.").  "The Supreme Court has stated that "'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot be fairly attributed to him.'" Marone, 10 F.3d at 67 (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)).  Attorney ignorance or inadvertence is not "cause," although deficient attorney performance that rises to the level of ineffectiveness may provide cause. Coleman, 501 U.S. at 753-54.

Alternatively, a new claim may be raised in a collateral attack if the petitioner proves "factual innocence." United States v. Thorn, 659 F.3d 227, 233-34 (2d Cir. 2011).  To make such a showing, a petitioner must demonstrate by a preponderance of the evidence that "'it is more likely than not that no reasonable juror would have convicted him.'" Id. at 234 (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

With the exception of his ineffective assistance claim, Peralta has not articulated a reason for his failure to raise his current arguments during his trial or in his direct appeal.  He

does not argue that he is factually innocent.  All of his claims, except for the assertion of ineffective assistance, are therefore procedurally barred.

## II.    Peralta's Procedurally Barred Claims Are, in Any Event, Meritless.

Even if Peralta's claims were not procedurally barred, they would be denied on the merits.  When a defendant seeks relief under section 2255, "[i]f the moving papers themselves disclose the inadequacies of the defendant's case, and the opportunity to present live witnesses would clearly be unavailing, the court may rest its decision solely on the basis of the affidavits and memoranda submitted and need not resort to an evidentiary hearing."  United States v. Salameh, 54 F. Supp. 2d 236, 248 (S.D.N.Y. 1999) (Duffy, J.) (citing United States v. Helmsley, 985 F.2d 1202, 1210 (2d Cir. 1993)).  In this instance, his claims are facially deficient.

Peralta's Prosecutorial Misconduct Claim.  Peralta contends that in an evidentiary hearing, the government falsely informed the Court that Peralta had registered a red Ford Expedition vehicle, in which a firearm was later found.  (Petition at 8-10.)  However, the government expressly asserted, both in that hearing and in its evidence and argument presented to the jury, that the vehicle was registered to Jerome Owens, not to Peralta.  (Hearing Tr. Dec. 7, 2009 at 4 ("So there is certainly connection between Mr. Owens and Mr. Peralta.  The car is registered to Mr. Owens.  The car dropped Mr. Owens off and the gun was in the trap of that car."); Trial Tr. at 112-13 (stipulation that Owens owned red Ford Expedition); Trial Tr. at 627 (government statement in closing that the vehicle "was registered to" Owens"); Trial Ex. 707B & Tr. 301 (vehicle registration of Owens)).

The allegedly false statement cited by Peralta did not attribute ownership to Peralta, but to his co-conspirator, Owens.  (Hearing Tr. Dec. 7, 2009 at 4 ("We have telephone records that we may or may not end up introducing but that link the coconspirator to whom the

car was registered to to [sic] Mr. Peralta around the time of the charge defense, the January 28, 2009 incident.").)  Fairly read, this statement attributed the vehicle registration to the co-conspirator – not to Peralta.

The assertion that the government engaged in prosecutorial misconduct is meritless.

Peralta's Claim of Insufficient Evidence.  Peralta asserts that at trial, there was insufficient evidence to convict him for conspiring to distribute or possessing with intent to distribute cocaine.  (Petition at 11-12.)  In considering whether there was sufficient evidence to support a conviction, a court must "'view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor, and deferring to the jury's assessment of witness credibility, and its assessment of the weight of the evidence.'"  United States v. Robinson, 702 F.3d 22, 35 (2d Cir. 2012) (quoting United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008)).  Peralta asserts that the only trial evidence concerning his possession of cocaine consisted of law enforcement observation a transaction on January 28, 2009, in which Peralta produced four kilograms of cocaine; that transaction was not consummated, and the government never recovered the cocaine, Peralta states.  (Petition at 12.)

However, the government introduced evidence of conversations that Peralta had with a cooperating witness, in which Peralta discussed transactions involving two kilograms and four kilograms of cocaine.  (Trial Tr. 57-58, 428-51.)  The government also introduced consensually recorded telephone calls in which Peralta stated that he had arranged a ten-kilogram cocaine deal, stated that he had been robbed of a kilogram of cocaine and referred to work for drug suppliers.  (Gov't Ex. 205, 209; Trial Tr. 429-30.)

The government's evidence satisfies the standard set forth in <u>Robinson</u>, and Peralta's contention of insufficient evidence is meritless.

<u>Peralta's Claim that the Government Constructively Amended the Indictment.</u>
Peralta contends that the government constructively amended his indictment.  (Petition at 13-15.) He asserts that the jury was improperly instructed to consider whether he was guilty of Count One by conspiring to distribute and possessing with intent to distribute 500 grams or more of cocaine, when Count One of the indictment set the relevant amount at five kilograms.  However, the Second Circuit has concluded that when a jury is instructed as to a lesser volume of narcotics than that set forth in the indictment, the charged conspiracy "is a lesser included offense of a conspiracy involving 5 kilograms of cocaine."  <u>United States v. Medley</u>, 386 Fed. Appx. 12, 14 (2d Cir. 2010); <u>see also</u> Fed. R. Crim. P. 31(c).  Because the jury was charged on a lesser-included offense, Peralta's claim is meritless.

<u>Sentencing Enhancement.</u>  The Petition states as follows: "The District Court Lack subject matter jurisdiction when it Improperly enhance the petitioner under U.S.S.G. 3C1.2, where Peralta was not convicted for the charge of 18 U.S.C. 111." (Petition at 3.)  The merits of this assertion are not further discussed in the Petition.

Generously construing the Petition in Peralta's favor as a <u>pro se</u>, he asserts that this Court made an incorrect guidelines calculation in reliance on 18 U.S.C. § 111.  Section 3C1.2 of the United States Sentencing Guidelines provides: "If the defendant recklessly created substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by 2 levels."  It does not require a finding of guilt under 18 U.S.C. § 111, which applies to a person who assaults, intimidates, resists or interferes with a

federal officer during the performance of official duties.  The enhancement in this case was based on trial evidence concerning Peralta's high-speed flight from law-enforcement officials.

This claim is meritless.

III.   Peralta Has Not Made a Showing of Ineffective Assistance.

A claim that counsel's deficient performance deprived a defendant of the right to effective assistance of counsel guaranteed by the Sixth Amendment is reviewed under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Strickland requires a two-part showing to establish ineffective assistance of counsel.  First, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.  To be considered ineffective, the attorney's performance must fall below "an objective standard of reasonableness" under "prevailing professional norms." Id. at 687-88.  "Second, the defendant must show that the deficient performance prejudiced the defense." Id. at 687.

Peralta contends that his trial counsel, Edward Vincent Sapone, Esq., was ineffective based on his failure to object to the other grounds raised in this petition.  (Petition at 16.)  This argument fails both prongs of Strickland.  Peralta's proposed grounds for relief are meritless, and counsel would have had no reason to make any objections thereto.  The failure to make such objections does not amount to deficient performance under Strickland.  466 U.S. at 687-88.  Because the objections would have been overruled, Peralta has not made a showing of prejudice.  See id.

Peralta's ineffective assistance claim fails.

CONCLUSION

Peralta's petition is DENIED.  (13 Civ. 6456; 09 Cr. 141, Docket Entry of 9/11/2013.)  The Clerk is directed to enter judgment in favor of the United States.  The action filed as 13 Civ. 6456 should be closed.

Peralta has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161 (2011) (per curiam).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       April 4, 2014

P. Kevin Castel
United States District Judge